Dykman, J.
This proceeding was instituted for the procurement of a peremptory writ of mandamus commanding the commissioner of investments of the town of Gravesend to pay over-certain moneys to the relators.
John Y. McKane is the supervisor of the town of Gravesend, and the other petitioners are the justices of the peace of that town, and the defendant John L. Voorhies, is the town clerk, and the commissioner of investments for moneys derived from the sale of lands of the town of Gravesend, pursuant to chapter 458 of the Laws of 1883.
Assuming to act under authority bestowed upon them by chapter 164 of the Laws of 1891, the petitioners met and resolved to expend the sum of $1,000 in the erection of a building for police head-quarters and offices for the board of health, in the town of Gravesend.
In pursuance of that resolution a requisition was made upon the defendant for the said sum of $1,000, and he refused to obey the demand upon the ground that the law of 1891 did not apply to him or to any money in his hands as such commissioner.
Thereupon the petitioners applied to the special term for a wrife *621 of mandamus to compel obedience to their requisition, which was denied, and the petitioners have appealed.
Chapter 164 of the Laws of 1891, from which the petitioners claim to derive their authority for the expenditure of the money in question is as follows: “ The supervisor, town clerk.and justices of the peace, or a majority thereof, in any town of this state, may expend any surplus moneys for which no provision for expenditure is made, belonging to said town, for the purpose of redemption of outstanding bonds or for improvements in said town.”
The appropriation in this case was for an improvement in the town, and so far was justified by the statute, and their application was meritorious if there was in the hands of the defendant sufficient surplus moneys for which no provision for expenditure was made.
Chapter 212 of the laws of 1880 provided for the election of a town treasurer in the town of Gravesend, and § 3 of that act commences as follows: “ Section 3. The moneys in the hands of the
town treasurer arising as aforesaid from the said common lands, shall be expended for the benefit of the town in the order and manner as follows.”
Then there are five sub-divisions prescribing the order and the purposes of the expenditure of the money which exhausts the fund.
Chapter 458 of the Laws of 1883 makes full provision for the investment and disposition of the moneys received from the sales of the common lands of the town of Gravesend, and the provisions of these two statutes make such ample provisions for the expenditure of the money belonging to the town that there can be no surplus.
No moneys have come to the hands of the defendant except those derived from the sales of common lands of the town under the law of 1883, and the interest upon the bonds and mortgages in which such funds have been invested.
This case does not fit the statute of 1891, and the petitioners can derive no aid from its provisions.
The order should be affirmed, with ten dollars costs and disbursements.
Barnard, P. J., and Pratt, J., concur.